# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7147 | **DATE** | 3/12/2001 |
| **CASE TITLE** |  | JEFF CARDWELL vs. BOARD OF EDUCATION, REAVIS COMMUNITY HIGH SCHOOL DISTRICT NO. 220, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Cardwell's motion to reconsider the dismissal orders of February 6, 2001 [13-1] is granted. Defendant Local 726's motion to dismiss Counts V and VI [5-1] is granted. The School District defendants' motion to dismiss [6-1] and to strike Cardwell's claims for punitive damages [6-2] is granted. Count II is dismissed without prejudice. Count VI is dismissed with prejudice. The individual defendants are dismissed with prejudice from Counts I and III. Defendants are directed to answer remaining counts by March 22, 2001. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.] *Suzanne B. Conlon*

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/12/2001 date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF CARDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7147 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BOARD OF EDUCATION, REAVIS COMMUNITY HIGH SCHOOL DISTRICT NO. 220, et al. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAR 14 2001

## MEMORANDUM OPINION AND ORDER

Jeff Cardwell ("Cardwell") sues the following defendants: Board of Education, Reavis Community High School District No. 220 ("the Board"); John W. Lennon, Jeffrey Wells, Kevin Mayer, Diane Dominguez, James Rokaitis, Stanley Smola, Jr., and Ralph Stocchio ("members of the Board"); Louis P. Ross, Dr. Glen Marin, Lawrence Daker ("school officials") (collectively "the School District"); and the State and Municipal Teamsters and Chauffeurs and Helpers Union Local No. 726 ("the Union"). Cardwell sues the Board, members of the Board, and school officials for disability discrimination and retaliation, pursuant to 42 U.S.C. § 12111, the American with Disabilities Act ("ADA") (Counts I and III) and denial of constitutional rights, pursuant to 42 U.S.C. § 1983 ("§ 1983") (Count II). Cardwell sues all defendants for breach of contract (Counts IV and V) and intentional infliction of emotional distress (Count VI). On January 16, 2001, defendants filed motions to dismiss Counts II, V, and VI against all defendants and Counts I and III against all individually named defendants, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The School District further moved to strike Cardwell's punitive damages claims, pursuant to Fed.R.Civ.P. 12(f).

Cardwell's response to defendants' motions was due on January 31, 2001. Cardwell failed to timely respond. On February 6, 2001, the court granted defendants' uncontested motions to dismiss. Cardwell moves for reconsideration of the February 6th orders, pursuant to Fed.R.Civ.P. 60(b), and requests that the court consider his response to defendants' motions to dismiss.[1]

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Prior to 1991, the Union and Reavis High School entered into a collective bargaining agreement ("the contract"), which addressed the terms and conditions of employment for the school's employees, including Cardwell.

Cardwell was hired by the Board as a full-time custodian for Reavis High School on October 28, 1991. As a term of employment, Cardwell was required to submit to yearly physical examinations, including eye examinations. Cardwell has been legally blind in his right eye since birth. From 1991 through 1998, the eye doctors who examined Cardwell found his vision was adequate for a commercial driver's license. In October 1998, the Board used a new optometrist for the eye examination. The new optometrist refused to certify Cardwell's vision as adequate for a license. Consequently, the Board no longer allowed Cardwell to drive a bus. Cardwell then applied for the position of custodian at Reavis High School and was hired. His salary as a custodian was lower than his salary as a driver.

---

[1] In his response, Cardwell requests that this court grant him leave to amend his complaint. This request must be made in a separate motion with a copy of the proposed amended complaint attached.

2

Cardwell claims that beginning in October 1998, he was denied opportunities to work overtime, but overtime opportunities were given to employees with less seniority. Cardwell further claims Kelly and Negrete issued the directive that he not be given overtime. On June 28, 1999, Cardwell was demoted to a part-time employee with a lower salary. Another custodian with less seniority remained a full-time employee.

Cardwell contends that after he failed his eye examination in October 1998, Negrete told Cardwell he should quit his job. Negrete and Bromley made similar comments to him after he was demoted in June 1999. Cardwell further contends he was harassed by supervisors, managers, and coworkers after he refused to quit. They allegedly spread false rumors, made false allegations about his work, deliberately altered seniority rules, deliberately delayed processing his child support payments, shunned his mother who worked in the school's cafeteria, and attempted to turn the other custodians against him. At one point, management threatened to terminate Cardwell's employment for failing to empty a garbage can two days in a row and mistakenly throwing out a binder.

Cardwell eventually filed a complaint with the EEOC. He claims that the Board retaliated against him for filing this complaint by not restoring him to full-time employment status until October 10, 2000. Cardwell further claims the Union took management's side during the grievance process.

## DISCUSSION

### I. Motion for reconsideration

Motions for reconsideration serve a limited purpose. On reconsideration, a party may not introduce new evidence or legal theories that could have been presented earlier. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). However, a court may relieve a party from final judgment or order for "mistake, inadvertence, surprise, or excusable neglect"

or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b) ("Rule 60(b)"). Cardwell asserts relief is justified because his motion to dismiss response was postmarked on the day of the court's deadline, which was January 31st. However, the response was due to be filed in the clerk's office, not merely postmarked by January 31st. Additionally, Cardwell's counsel did not send a courtesy copy of the response to chambers, as requested in this court's standing order. In fact, the court did not receive a copy of Cardwell's response until the motion for reconsideration was filed on February 16, 2001. Even though Cardwell's counsel has failed to comply with deadlines and proper procedures, this court will grant Cardwell's motion for reconsideration and consider his response on the merits. Under the circumstances, Cardwell will not be punished for his counsel's lack of diligence.

## II. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## III. Counts I and III

Cardwell sues all defendants for disability discrimination and retaliation, pursuant to the ADA. Defendants move to dismiss all those individually named from this count. Individual employees cannot be found liable under the ADA. *United States Equal Employment Opportunity Commission v. AIC*

*Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995). The ADA only provides a cause of action against individuals who meet the ADA's statutory definition of employers. *Id.* Cardwell contends the board members meet the definition of employer because they are the "alter ego" of the employer. The court need not address whether "alter ego" employees fall under the ADA's definition of employer. Cardwell fails to allege facts suggesting the board members acted as the "alter ego" of their employer. Supervisors are not considered "alter egos" of their employees. *Hunt-Golliday v. Metropolitan Water Reclamation District of Ill.*, 104 F.3d 1004, 1017 (7th Cir. 1997). Accordingly, Counts I and III must be dismissed as they pertain to the members of the board.

## IV. Counts II

Cardwell's complaint asserts a claim against the School District for violations of § 1983. In order to recover under § 1983, plaintiffs must establish they were deprived of their constitutional rights by an individual acting under the color of state law. *See* 42 U.S.C. § 1983; *Pickrel v. Springfield*, 45 F.3d 115, 118 (7th Cir. 1985). To state a claim against the School District under § 1983, Cardwell must set forth two elements: (1) the defendants deprived him of a constitutionally protected right and (2) the deprivation was caused by a municipal policy or custom. *Leahy v. Board of Tr. of Comm. College Dist. No. 508*, 912 F.2d 917, 922 (7th Cir. 1990). Cardwell makes vague statements about "the right to enjoy employment and reputation" and his "right to enjoy employment under the First and Fourteenth Amendments." Cmplt. at ¶¶ 44-45. Under liberal notice pleading, conclusory statements are sufficient for a § 1983 claim against a municipality if plaintiffs set out enough facts to give defendants a complete understanding of the claims against them. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Cardwell's vague statements do not give the School District any clue

as to the specific constitutional rights that are at issue or the specific conduct that allegedly violated these rights. Accordingly, Counts II is dismissed without prejudice.

**V. Count V**

Cardwell contends the Union is liable for breach of contract because it failed to fulfill various duties. The Union contends the substance of these allegations amount to a duty of fair representation claim. Federal courts have no subject matter jurisdiction over duty of fair representation claims made by public school employees against their labor unions. *Strasburger v. Bd. of Ed., Hardin County Comm. Unit School District No. 1*, 143 F.3d 351, 359-60 (7th Cir. 1998).

Cardwell contends he is not asserting a duty of fair representation claim and points to Count V's title, namely breach of contract. A breach of contract title does nothing to dispel the Union's argument. Duty of fair representation claims are a type of contract claim. *See Utomi v. Cook County*, No. 98 C 3722, 1999 WL 787480, at *5 (N.D. Ill. 1999). In addition, it appears clear from the complaint that Cardwell, at least in part, asserts a fair representation claim. Specifically, the complaint states the Union breached the contract by "refusing to represent Jeff in his grievance before the Board, in refusing to arbitrate the grievance, and in taking management's side..." Cmplt. at ¶ 45.

Even assuming Cardwell's claims are not based on the duty of fair representation, he still would not be able to sue the Union for breach of contract. "Since a union is normally the exclusive bargaining agent for union members, union members lack standing to sue for breach of a collective bargaining agreement unless they also claim that the union beached its duty of fair representation." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (holding that standing is dependent on

making fair representation claims and the labor relations board has exclusive jurisdiction over fair representation claims). Accordingly, Count V must be dismissed with prejudice.[2]

VI. **Count VI**

Count VI alleges defendants are liable for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) defendant's conduct was extreme and outrageous; (2) defendant intended to inflict severe emotional distress or knew such infliction was likely; and (3) defendant's conduct caused severe emotional distress. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Conduct is extreme and outrageous only if "the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* Cardwell has not satisfied the basic pleading requirements for an intentional infliction of emotional distress claim. He has not alleged defendants' conduct was extreme and outrageous, nor has he alleged facts suggesting such behavior. He merely makes numerous allegations of workplace harassment, none of which come close to exceeding the bounds of decency. Workplace harassment, standing alone, fails to state an actionable claim for intentional infliction of emotion distress. *Piech v. Arthur Anderson & Co.*, 841 F.Supp. 825, 831 (N.D. Ill. 1994). Accordingly, Count VI must be dismissed.[3]

---

[2]To the extent Cardwell's contract claim is based on the duty of fair representation, the claim also would be barred by the statute of limitations. Duty of fair representation claims must be filed within six months of the alleged wrongful conduct. 115 ILCS 5/15. Cardwell does not dispute the Union's contention that its alleged breaches relate to events occurring in June 1999. In addition, Cardwell's complaint fails to cite dates other than June 1999 when referring to the Union's activities. Cardwell did not file this action until November 14, 2000, almost one and a half years after the Union's alleged wrongful conduct took place. Therefore, Count V is time-barred.

[3]Defendants' contention that Cardwell's emotional distress claim is barred by the Workers' Compensation Act is moot.

## VII. Punitive damages

Cardwell requests punitive damages under § 1983 and the ADA. Punitive damages may not be assessed against local government entities under the ADA or § 1983. *Newport v. Facts Concerts, Inc.*, 453 U.S. 247, ? (1981). Therefore, Cardwell's punitive damages claims must be stricken.

## **CONCLUSION**

Cardwell's motion to reconsider the dismissal orders of February 6, 2001 is granted. Defendant Local 726's motion to dismiss Counts V and VI is granted. The School District defendants' motion to dismiss and to strike Cardwell's claims for punitive damages is granted. Count II is dismissed without prejudice. Count VI is dismissed with prejudice. The individual defendants are dismissed with prejudice from Counts I and III.

ENTER:

Suzanne B. Conlon
United States District Judge

March 12, 2001