Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7147 | **DATE** | 7/9/2001 |
| **CASE TITLE** | CARDWELL vs. BOARD OF EDUCATION, REAVIS COMMUNITY HIGH SCHOOL DISTRICT NO. 220, ET AL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  The motion to dismiss Count II is denied. Defendants are directed to answer Count II by July 17, 2001. Paragraph 50(d) of the amended complaint is stricken. ENTER MEMORANDUM AND OPINION ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 50 |
| | Docketing to mail notices. | FILED FOR DOCKETING | CM | |
| | Mail AO 450 form. | 01 JUL 11 PM 7:33 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/9/2001 | |
| | | | date mailed notice | |
| sb | courtroom deputy's initials | | pg | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF CARDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7147 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BOARD OF EDUCATION, REAVIS COMMUNITY HIGH SCHOOL DISTRICT NO. 220, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Jeff Cardwell ("Cardwell") sues the Board of Education, Reavis Community High School District No. 220 ("the board"), various school officials, and members of the Board (collectively "defendants") for violations of the Americans With Disabilities Act, 42 U.S.C. § 12111 (Count I), violations of 42 U.S.C. § 1983 ("§ 1983") (Count II), retaliation (Count III), breach of contract (Counts IV-V), and intentional infliction of emotional distress (Count VI). The State and Municipal Teamsters and Chauffeurs and Helpers Union Local No. 726 ("the union") was dismissed from this action. This court dismissed Count II without prejudice and denied Cardwell's motion for reconsideration. Cardwell filed an amended complaint on April 18, 2001. Defendants move to dismiss Count II of the amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6).



## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The board hired Cardwell as a full-time school custodian/driver on October 28, 1991. Prior to 1991, the union and the board entered into a collective bargaining agreement concerning employment terms and conditions for the school's employees. As a term of employment, Cardwell was required to submit to yearly physical and eye examinations. Cardwell was born legally blind in his right eye. From 1991 through 1998, the doctors who examined Cardwell found his vision was adequate for a commercial driver's license.

In October 1998, the board used a new optometrist for the eye examinations. The new optometrist refused to certify Cardwell's vision as adequate for a license. Consequently, the board no longer allowed Cardwell to drive a bus. Cardwell then applied for a full-time custodian position and was hired. His salary as a custodian was lower than his salary as a custodian/driver.

Cardwell contends that beginning in October 1998, he lost overtime opportunities to employees with less seniority. Tom Kelly and Ray Negrete ("Negrete"), members of the board, issued a directive that he not be given overtime. In addition, Negrete told Cardwell he should quit his job. On June 28, 1999, Cardwell was demoted to a part-time employee with a lower salary. Another custodian with less seniority remained a full-time employee.

Cardwell further contends he was harassed by supervisors, managers, and coworkers after he refused to quit. They allegedly spread false rumors, made false allegations about his work, deliberately altered seniority rules, deliberately delayed processing his child support payments,

shunned his mother who worked in the school's cafeteria, and attempted to turn other custodians against him. At one point, management threatened to terminate Cardwell's employment for failing to empty a garbage can two days in a row and mistakenly throwing out a binder.

Cardwell eventually filed a complaint with the EEOC. He asserts the Board retaliated against him for filing the EEOC complaint by not restoring him to full-time employment status until October 10, 2000.

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. Count II

Cardwell's amended complaint reasserts a claim against defendants for violations of § 1983. In order to recover under § 1983, Cardwell must establish defendants deprived him of a constitutionally protected right, and the deprivation was caused by a municipal policy or custom. *Leahy v. Board of Tr. of Comm. College Dist. No. 508*, 912 F.2d 917, 922 (7th Cir. 1990).

-3-

### A. Deprivation of a constitutional right

In denying Cardwell's motion to reconsider the order dismissing Count II, the court found that his § 1983 claim did not give defendants notice of the conduct that allegedly violated his constitutional rights. *See McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000) (plaintiffs must allege the facts necessary to give defendants an understanding of the charges against them). The complaint made references to numerous legal theories but failed to offer factual bases to support them. Defendants contend the amended complaint does not cure this deficiency. The court disagrees.

The amended complaint, like the original complaint, refers to violations of Cardwell's rights to privacy, equal protection, and due process. In addition, the amended complaint refers to Cardwell's rights to enjoy employment and a reputation as a high school custodian. The amended complaint includes factual bases for most of the constitutional deprivation allegations. Specifically, Cardwell alleges the board engaged in disability discrimination when it failed to: (1) reinstate him to full-time status; (2) sanction individuals who harassed him; (3) grant him overtime when non-disabled workers were given overtime; and (4) pay him wages equal to those of non-disabled workers. Am. Cmplt. at ¶¶ 42, 50(a) and (b). Cardwell further alleges defendants maliciously slandered his reputation by spreading rumors that he solicited another person to take his driver's license certification tests. Am. Cmplt. at ¶¶ 38(a), 50(c). Defendants have adequate notice of the factual basis for the discrimination claims.

The fact that Count II refers to vague or incorrect legal theories does not mandate dismissal. "The complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Burton v. Sheahan,* 68 F.Supp.2d 974, 976 (N.D. Ill. 1999). Read in a light most

favorable to Cardwell, Count II implicates equal protection concerns. Accordingly, Cardwell's discrimination allegations satisfy § 1983's first prong.

Count II further alleges defendants interfered with Cardwell's right to privacy by disclosing "confidential medical and other private information." Am Cmplt. at ¶ 50(d). Pursuant to Fed.R.Civ.P. 10(b), "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of matters set forth." Cardwell's factual basis for his right to privacy claim is distinct from his discrimination claim. Including both sets of facts in Count II, along with a mixture of legal theories, is confusing and problematic. In addition, Cardwell's privacy claim is vague. Although Cardwell contends the claim is clarified by his deposition testimony, the court is limited to considering the four corners of the amended complaint. *Burton*, 68 F.Supp.2d at 978. Accordingly, ¶ 50 (d) must be stricken from the amended complaint. *See WCC Funding Limited v. Gan International*, 871 F.Supp. 1017, 1026 (N.D. Ill. 1994) (striking allegations violating Fed.R.Civ.P. 10(b)).

### B. Municipal policy or custom

Defendants assert Cardwell failed to properly allege that a constitutional deprivation was caused by a municipal policy or custom. In order for Cardwell to establish that a municipal policy violated his constitutional rights, he must show: (1) defendants had an express policy that caused a constitutional deprivation; (2) defendants engaged in a widespread practice so permanent and well-settled that it constituted a custom or usage within the force of law; or (3) the constitutional injury was caused by a person with final policymaking authority. *McCormick*, 230 F.3d at 324.

Cardwell alleges defendants were final policymakers and their discriminatory actions were the result of a municipal policy. Am. Cmplt. at ¶¶ 44-49. These allegations are sufficient for purposes of a motion to dismiss. *Id.* (phrases such as "highest policymaking officers" and "widespread custom" enable a § 1983 plaintiff to withstand a motion to dismiss). "[F]ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.* (internal citations omitted). Accordingly, defendants' motion to dismiss Count II must be denied.

## CONCLUSION

The motion to dismiss Count II is denied. Paragraph 50(d) of the amended complaint asserting a violation of the right to privacy is stricken.

ENTER:

Suzanne B. Conlon
United States District Judge